UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARRINGTON CAPITAL
MANAGEMENT, LLC,

    Plaintiff,

v.                                    CASE NO. 8:15-cv-1246-T-23TBM

MICHAEL MEADE MOORE,

    Defendant.
_____/

## **ORDER**

Carrington Capital Management sues (Doc. 1) Michael Meade Moore for a "grossly inaccurate" appraisal of real property. After the clerk entered (Doc. 10) a default against Moore, Carrington moved (Doc. 13) for a default judgment. "[A] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact" but not the amount of damages. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (internal quotation marks omitted); *Pope v. United States*, 323 U.S. 1, 12 (1944). Without explanation, the complaint and the motion conclude "damage[s] in the amount of $128,467.33."[*] (Doc. 1 ¶ 45) Neither the appraisal nor

---

    [*] The complaint explains (1) that "the value at the time of the Appraisal of the Real Property was significantly less than $475,000.00," the amount of the appraisal, (2) that the appraisal "was the primary basis . . . to approve and provide funding for a loan . . . in the amount of approximately $379,000.000," and (3) that the "Real Property was sold for a loss in a short sale." (Doc. 1 ¶¶ 7, 9, 12) However, the complaint is unclear whether the "damage[s] in the amount of $128,467.33" is (1) the difference between $475,000.00 and "the value at the time of the Appraisal of the Real Property," (2) the remaining "balance of the loan" after the "short sale" (Doc. 1 ¶ 13), or (3) another number.

the "appraisal contract" (on which the claim for breach of contract is based) appears on the docket. Further, a "defaulted defendant" is "not held . . . to admit conclusions of law." *Cotton*, 402 F.3d at 1278; *see also Moore's Federal Practice*, Vol. 17, § 111.71 (3d ed. 2014) ("[The] legal sufficiency of [a] claim is not admitted by default."). Without citing any legal support, the complaint and the motion conclude that "the Defendant is liable for breach of contract [Count I], negligence [Count II] and/or gross negligence [Count III], and fraud [Count IV]." (Doc. 13 at 4) Accordingly, Carrington's motion (Doc. 13) for a default judgment is **DENIED WITHOUT PREJUDICE**.

Carrington may move again for a default judgment. Because the plaintiff must establish that the complaint alleges a claim for relief, for each claim on which Carrington requests a default judgment, the motion must identify the elements of the claim and must cite the allegations of fact that establish each element of the claim. Further, for each claim on which Carrington requests a default judgment, the motion must present the correct measure of damages and must display a computation of damages, supported by an affidavit or other verified paper containing admissible evidence of damages for any element not established by admitted facts. If the motion requests damages that are not readily ascertainable by a simple computation, the motion must request a hearing. Finally, Carrington must submit with the motion both the appraisal and the "appraisal contract." (Doc. 1 ¶ 26) Failure to move on or

before **OCTOBER 29, 2015**, for a default judgment will result in dismissal without further notice.

ORDERED in Tampa, Florida, on October 15, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE